Allen Dale PRICE, Appellant,

v.

Dan MOODY, Prosecuting Attorney,
Carter County, Missouri, Appellee.

No. 81–1949.

United States Court of Appeals,
Eighth Circuit.

Submitted May 7, 1982.

Decided May 13, 1982.

Allen Dale Price, pro se.

John L. Oliver, Jr., Oliver, Oliver, Waltz
& Cook, P.C., Cape Girardeau, Mo., for Dan
Moody.

Before HEANEY, ROSS and ARNOLD,
Circuit Judges.

PER CURIAM.

Allen Dale Price appeals from the district
court's dismissal of his section 1983 claim
against Dan Moody, a prosecuting attorney
for Carter County, Missouri. The district
court ruled that Moody was entitled to ab-
solute immunity and that Price's complaint
thus failed to state a claim upon which
relief could be granted. We reverse the
district court's decision and remand for fur-
ther proceedings.

On April 3, 1981, Price filed a pro se
complaint pursuant to 42 U.S.C. § 1983
which alleged that Moody, while acting un-
der color of state law, deprived him of
certain federal constitutional rights. Spe-
cifically, Price stated that in early Decem-
ber of 1980, he was transferred from the
Missouri State Penitentiary (where he is a
prisoner serving a state sentence) to the
Carter County, Missouri jail so that he
could pursue a state postconviction action in
that county. Price alleged that Moody per-
sonally directed that Price be taken to the
Poplar Bluff Jail in Butler County, Missou-
ri, and that from December 4 to December
8, 1980, he was held in a jail cell without
lights, ventilation, a mattress or a blanket.

He also claimed that the cell was dirty, infested with roaches and bugs and that he was given no food, water [1] or showers during that four day period. Most importantly, however, Price alleged that Moody specifically ordered that he be confined under these offensive conditions.

The complaint further stated that on December 8, 1980, Price was returned to the Carter County, Missouri jail to "answer" the state postconviction action. However, on December 9, 1980, Price escaped custody but was subsequently apprehended and returned to the Carter County jail on December 18, 1980. Price alleged that, once again, Moody personally ordered that Price be transferred to the Poplar Bluff Jail in Butler County, Missouri to be held under the conditions previously described.

In sum, Price's complaint alleged that Moody's actions were purposeful, malicious and effectuated under color of state law and that such actions deprived Price of his rights under the Fifth, Eighth and Fourteenth Amendments. Price claimed that Moody's orders were outside the scope of Moody's prosecutorial duties and requested $100,000 actual and $150,000 punitive damages. He also requested a jury trial, permission to proceed in forma pauperis and appointment of counsel.

On May 6, 1981, Moody moved to dismiss Price's complaint for failure to state a claim upon which relief could be granted, contending that, as a prosecutor, Moody was absolutely immune from Price's lawsuit. Moody claimed that the actions attributed to him by Price, even if true, fell within the scope of his duties as the Carter County, Missouri prosecutor.

On May 13, 1981, Price filed a resistance to Moody's motion to dismiss which stated, inter alia, that a "prosecutor is liable when he acts outside the scope of his authority." Nevertheless, on August 20, 1981, the district court dismissed the suit because, in its view, Moody was entitled to absolute immunity. Price filed a timely notice of appeal on September 1, 1981.

The sole issue before us is whether the district court correctly dismissed Price's complaint on the ground that Moody, as Carter County, Missouri, prosecutor, was absolutely immune from liability.

A complaint, section 1983 or otherwise, "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The allegations of a pro se complaint are held to less stringent standards than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 598, 30 L.Ed.2d 652 (1972) (per curiam). In sum, pro se complaints must be liberally construed and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). When a complaint is dismissed for failure to state a claim, the reviewing court must take its allegations as true. *Id.* at 99, 97 S.Ct. at 288.

We hold that the district court erred in dismissing Price's complaint pursuant to Fed.R.Civ.P. 12(b)(6). In reaching its conclusion, the district court relied on an overly broad reading of *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The *Imbler* Court noted: "We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431, 96 S.Ct. at 995.

Prosecutors enjoy immunity from section 1983 actions "so long as the actions complained of appear to be within the scope of prosecutorial duties." *Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980) (per curiam). *See also Rachuy v. Murphy Motor Freight Lines*, 663 F.2d 57, 58 (8th Cir. 1981) (a prosecutor is immune from charges arising from actions he took "in the course of performance of his official duties as a prosecutor").

---

1. Price's complaint, however, also stated that an unnamed person smuggled Price some food and water during the December 4—December 8, 1980 time period.

Taking Price's allegations as true, as we must, it can hardly be asserted that Moody's charged actions were within the scope of prosecutorial duties. Moody's brief in this Court, in essence, stresses that Missouri Sheriffs, and not Missouri prosecutors, have the duty to maintain humane conditions in Missouri jails, *see Tatum v. Houser*, 642 F.2d 253, 254 (8th Cir. 1981) (per curiam), and that a prosecutor has no power or authority to order a prisoner to be subjected to barbaric treatment. The fact that Moody may lack state statutory authority over Missouri jails is not dispositive of the section 1983 claim if Moody ordered Price to be mistreated and if the mistreatment occurred as a result of his orders. Thus, the district court erred in holding that Moody was shielded by absolute prosecutorial immunity.

The district court's dismissal of Price's complaint is reversed and the case is remanded for further proceedings. In so ruling, of course, we intimate no view on the merits of Price's allegations.

Reversed and remanded.