RONALD S. FOWLKES-BEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fowlkes-Bey v. Commissioner
Docket No. 29897-88
United States Tax Court
T.C. Memo 1989-220; 1989 Tax Ct. Memo LEXIS 220; 57 T.C.M. (CCH) 341; T.C.M. (RIA) 89220; May 8, 1989. Ronald S. Fowlkes-Bey, pro se. Sandra M. Gilmore, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim For Which Relief Can Be Granted and respondent's Motion Requesting Damages Under *222 I.R.C. § 6673, both filed on January 3, 1989. To date, petitioner has not filed responses thereto. Respondent issued a notice of deficiency on August 19, 1988, to Ronald S. Fowlkes-Bey for the years 1983, 1984, and 1985 in which he determined that there were deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
1983
$ 7,692.00
$   903.30
$ 384.60
50% of the
interest due
on $ 7,692.00
1984
$ 6,955.00
$ 1,140.24
$ 347.75
50% of the
interest due
on $ 6,955.00
1985
$ 7,922.00
$ 1,322.14
$ 396.10
50% of the
interest due
on $ 7,922.00
On November 17, 1988, a document entitled, "Notice of Rescission, Demand for Due Process, Demand for All Rights" was received by the Court signed by Ronald S. Fowlkes-Bey. Said document was filed as a petition in this case. In the petition, (to the extent that it is understandable) petitioner alleged that he was not "voluntarily submitting to this Court." However, he went on to contest the determination made by respondent *223 in the following manner: (1) he was revoking all W-4 forms, Forms 1040, and amended Forms 1040, on the grounds that he was not subject to the income tax because his wages were not taxable; (2) the fifth amendment exempted from taxation his right to work; (3) the Tax Court lacks authority to proceed in this matter; and (4) he is not volunteering to pay his taxes and is being coerced into defending his rights to constitutionally exempt earnings. Petitioner was a resident of Baltimore, Maryland, at the time he filed his petition. Rule 40 [1] provides that respondent may file a Motion to Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted prior to filing his Answer. Generally, we may dismiss a petition for failure to state a claim when it appears beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson,355 U.S. 41, 45-46 (1957); Price v. Moody,677 F.2d 676, 677 (8th Cir. 1982). *224 Further, Rule 123(b) provides that this Court may dismiss a case when a party fails to comply with the rules of this Court. Rule 34(b) provides that the petition in a deficiency action shall contain "(4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency" and "(5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." It is respondent's position that the petition does not comply with Rule 34, since it fails to allege any justiciable errors in respondent's determination and fails to allege any facts in support of the alleged errors. The determinations made by respondent in the notice of deficiency are presumed correct. Any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner,78 T.C. 646, 658 (1982); Gordon v. Commissioner,73 T.C. 736, 739 (1980). We have examined the petition and have discerned the issues enumerated above. The first two issues have been adequately covered by respondent in his Motion To Dismiss For Failure To State A Claim *225 Upon Which Relief Can Be Granted. We incorporate the reasoning and conclusions drawn by respondent without further discussion. We find respondent's motion to be adequate and complete for this purpose and we see no reason we should repeat it here. The third issue which petitioner raises is that this Court does not have jurisdiction to hear his case. This Court is a court of record under article I of the Constitution and is duly empowered to hear and decide cases within the statutory authority entrusted to it. Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971); secs. 7441 and 7442. A valid notice of deficiency was issued and a timely petition filed. Therefore, this Court has jurisdiction. Secs. 6212, 6213, and 6214. Next, petitioner complains that the income tax is voluntary, and he is not volunteering to pay his tax. Despite the fact that the public sometimes refer to Federal income taxes as a "voluntary" system, an income tax return must be filed by all individuals receiving gross income in excess of certain minimum amounts. Sec. 6012; sec. 1.6012-1(a), Income Tax Regs. Petitioner was required to file valid Federal income tax returns for 1983, *226 1984, and 1985 because petitioner's gross income was well in excess of those minimums. Secs. 6001, 6011, 6012(a)(1)(A), 7701(a)(1); sec. 1.6012-1, Income Tax Regs.
In summary, although given ample opportunity to do so, petitioner has failed to raise any claim or devise any legal theory that would show that respondent's determination is incorrect. Since the presumption of correctness is in favor of respondent, we find that petitioner is liable for the tax and additions to tax in the amounts enumerated above. Finally, we must decide whether to award the United States damages under the provisions of section 6673. This section provides an award for damages to the United States in an amount not in excess of $ 5,000 when it appears that the proceedings maintained by the taxpayer before this Court are primarily for delay, that the taxpayer's position is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies. Sec. 6673 as amended by § 1552(a), Pub. L. 99-514, applicable to proceedings commenced after October 22, 1986; Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981). *227 From the record, it is obvious that petitioner's grounds for commencing and maintaining this action are frivolous and for the purpose of unduly delaying the reporting of his income and resulting income tax liability. Accordingly, we award the United States damages in the amount of $ 5,000 pursuant to section 6673. Coulter v. Commissioner,82 T.C. 580 (1984); Abrams v. Commissioner,82 T.C. 403 (1984). To reflect the forgoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise specified, all section numbers refer to the Internal Revenue Code of 1954 as amended and in effect for the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩