JACK L. WORTHINGTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Worthington v. Commissioner
Docket Nos. 582-89.
United States Tax Court
T.C. Memo 1989-286; 1989 Tax Ct. Memo LEXIS 286; 57 T.C.M. (CCH) 694; T.C.M. (RIA) 89286; June 13, 1989; As corrected July 20, 1989 John C. Meaney, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim For Relief And For Damages Under I.R.C. § 6673, [1] filed on February 21, 1989. In a notice of deficiency dated October 7, 1988, respondent determined the following deficiency *287 in and additions to petitioner's 1985 Federal income tax: Additions to Tax
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654(a)
$ 6,074
$ 329.75
$ 303.70
*
$ 7.46
The primary adjustment in the notice of deficiency was the inclusion of dividend and wage income not reported by petitioner. Petitioner filed a timely petition with this Court on January 9, 1989. The only claims contained in the petition, however, are those which have been described by this and other courts as "tax protester arguments." For example, petitioner maintains he has a Fifth Amendment privilege against self-incrimination, i.e., he cannot be compelled to be a witness against himself, his payment of taxes is equivalent to involuntary servitude, and he was not paid in "true value", i.e., gold and silver coin. The Court permitted petitioner to file a notice of objection setting forth the basis for any objections he had to respondent's motion. The document petitioner filed *288 with the Court, however, was totally unresponsive. Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. No justiciable error has been alleged in the petition filed by petitioner. Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim upon respondent's motion when it appears beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson,355 U.S. 41, 45-46 (1957); Price v. Moody,677 F.2d 676, 677 (8th Cir. 1982). The determinations made by respondent in his notice of deficiency are presumed correct. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). In addition, *289 any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner,78 T.C. 646 (1982); Gordon v. Commissioner,73 T.C. 736, 739 (1980). Because petitioner has not raised any justiciable facts or issues in his petition, we grant respondent's motions to dismiss. See Klein v. Commissioner,45 T.C. 308 (1965); Goldsmith v. Commissioner,31 T.C. 56 (1958); Weinstein v. Commissioner,29 T.C. 142 (1957). With respect to respondent's motion for an award of damages, section 6673 provides, in pertinent part: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, * * * damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. * * * The record in this case establishes that petitioner had no interest in disputing either the deficiency or the additions to tax determined by respondent. Instead, petitioner has raised only the tired, discredited arguments which are *290 characteristic of tax protester rhetoric. His failure to respond properly to respondent's Motion To Dismiss For Failure To State A Claim For Relief And For Damages Under I.R.C. § 6673, convinces us that this proceeding was instituted primarily for delay. Because we find petitioner's position both frivolous and groundless, we award damages to the United States in the amount of $ 2,500. Coulter v. Commissioner,82 T.C. 580 (1984); Abrams v. Commissioner,82 T.C. 403 (1984). An appropriate order will be issued.
Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations.↩