EDWARD LEO BRADLEY, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bradley v. Commissioner
Docket No. 1263-89
United States Tax Court
T.C. Memo 1989-386; 1989 Tax Ct. Memo LEXIS 385; 57 T.C.M. (CCH) 1115; T.C.M. (RIA) 89386; July 31, 1989
Mary Beth Calkins and Daniel Guy, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to section 7443A(b)(4) of the Internal Revenue Code of 1986 and Rules 180 and 181. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. *386 OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed on April 24, 1989. The motion was calendared for hearing in Washington, D.C. on May 31, 1989. Petitioner filed a response to respondent's motion to dismiss on May 30, 1989. When this case was called from the calendar, counsel for respondent appeared and was heard. There was no appearance by or on behalf of petitioner. In a notice of deficiency dated October 24, 1988, respondent determined deficiencies in and additions to petitioner's Federal income taxes for the years and in the amounts as follows: Additions to Tax
Year
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654(a)
1982
$ 11,462
$ 2,422.00
$ 573.10
*
$ 900
1983
10,174
2,543.50
508.70
*
623
1984
6,093
1,523.25
304.65
*
383
The primary adjustment in the notice of deficiency was *387 the inclusion of wage income not reported by petitioner. Petitioner filed a timely petition with this Court on March 17, 1989. The only claims contained in the petition, however, are those which have been described by this and other courts as "tax protester arguments." More specifically, petitioner maintains that the Internal Revenue Code fails to define income, and fails to define which persons are required to file and/or to pay Federal income taxes. Petitioner also maintains that the Sixteenth Amendment taxes income "FROM" the source and not "ON" the source. Petitioner's response to respondent's motion to dismiss is totally unresponsive. Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiencies and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. No justiciable error has been alleged in the petition filed by petitioner. Rule 40 provides that a party may file a motion *388 to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim upon respondent's motion when it appears beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). The determinations made by respondent in his notice of deficiency are presumed correct. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). In addition, any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner , 78 T.C. 646 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). Because petitioner has not raised any justiciable facts or issues in his petition, we grant respondent's motion to dismiss. See Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); Weinstein v. Commissioner, 29 T.C. 142 (1957). This case is a prime example of when it is appropriate for this Court, on its *389 own motion, to award damages to the United States against petitioner. Section 6673 provides in pertinent part: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, * * * damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. * * * The record in this case establishes that petitioner had no interest in disputing either the deficiencies or the additions to tax determined by respondent. Instead, petitioner has raised only the tired, discredited arguments which are characteristic of tax protester rhetoric. His failure to file a proper petition with this Court, in combination with his failure to respond properly to respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, convinces us that this proceeding was instituted primarily for delay. Accordingly, we award damages to the United States in the amount of $ 5,000. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, 82 T.C. 403 (1984). *390 An appropriate order of dismissal and decision will be entered. Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩