RICKIE and PATTI RICHARDSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Richardson v. Commissioner
Docket No. 24547-89
United States Tax Court
T.C. Memo 1991-159; 1991 Tax Ct. Memo LEXIS 178; 61 T.C.M. (CCH) 2377; T.C.M. (RIA) 91159; April 9, 1991, Filed *178 An appropriate order and decision will be entered. Rickie Richardson, pro se. Steve Brower, for the respondent. DAWSON, Judge; GALLOWAY, Special Trial Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Lee M. Galloway pursuant to section 7443A(b)(4) and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Failure to State A Claim Upon Which Relief Can Be Granted pursuant to Rule 40(b). Respondent's motion was calendared for hearing at a trial session of this Court held at Dallas, Texas. In separate statutory notices dated July 11, 1989, respondent determined deficiencies in and additions to petitioners' Federal income taxes as *179 follows: Rickie Richardson
Additions to Tax Under Sections
6651
6653
6653
6653
6653
Year
Deficiency
(a)(1)
(a)(1)
(a)(1)(A)
(a)(2)
(a)(1)(B)
6654
1982
$ 3,158
$ 790
$ 157.90
-- *
--
$ 217
1983
2,817
704
140.85
-- *
--
124
1984
8,192
2,048
409.60
-- *
--
515
1985
4,492
1,123
224.60
-- *
--
257
1986
4,602
1,151
230.10
--
*
222
1987
4,594
1,179
229.70
--
*
248
Patti Richardson
Additions to Tax Under Sections
6651
6653
6653
6653
6653
Year
Deficiency
(a)(1)
(a)(1)
(a)(1)(A)
(a)(2)
(a)(1)(B)
6654
1982
$ 3,158
$ 790
$ 158
--
*
--
$ 307
1983
1,638
410
82
--
*
--
-0-
1984
3,921
980
196
--
*
--
247
1985
1,643
411
82
--
*
--
-0-
1986
1,617
404
81
--
*
-0-
1987
1,526
382
76
--
*
-0-
*180 Respondent's determinations were based on the following adjustments: (1) Petitioners' failure to report wage income for the years 1982 and 1983; (2) petitioners' failure to report self-employment compensation for the years 1983-1987, inclusive; and (3) the additions to tax set forth above. Petitioners, in their two-page handwritten petition, allege as follows: Filling an income tax report is voluntary. Under the Privacy Act, all information given on tax returns may be used by the IRS, Justice Department, Federal agencies, cities, states, or foreign governments as evidence against me in civil or criminal litigation. To force me to witness against myself is a violation of my Fifth Amendment rights. The legal choice I have made not to file, does not constitute negligence or intentional disregard of rules and regulations as the Notice of Deficiency implies. IRS Code Sections 6201, 6203 6303, and 6020 provide specific guidelines for the IRS to follow should someone not volunteer the information. Waiting until July 11, 1989 to comply with their own Code is gross negligence on their part, not mine. The tax-deficiencies claimed by the IRS are outrageously preposterous. No allowances, *181 credits, or deductions for any of my expenses were shown on the Notice of Deficiency. The penalties assessed by the IRS are absurd. Waiting until July 11, 1989 to assess me is negligence of the law on their part not mine. I consider the IRS attempt to penalize me in this manner both a fraud and conspiracy in violation of Sections 241 and 242 of the U.S. Criminal Code. If allowed to stand as stated on the Notice of Deficiency, I will take this matter along with two other violations they have committed against me in the past to the Federal Grand Jury. (Reproduced literally)
Petitioners did not file a written objection to respondent's motion. At the hearing on respondent's motion, Rickie Richardson (petitioner) appeared and orally objected to the granting of respondent's motion. No useful purpose would be served in extended discussion of petitioner's oral objections. Cf. Masters v. Commissioner, T.C. Memo 1989-212, on appeal (9th Cir. August 2, 1989). Petitioner's constitutional and other arguments parallel the tax protester contentions set forth above in the petition and have been repeatedly rejected by this Court and others as inapplicable or without *182 merit. Petitioner repeatedly alluded to an imagined criminal investigation of his income tax liabilities as an excuse for not filing returns. He argued "I did not want to be a witness against myself." However, there is no evidence that the Internal Revenue Service has conducted or is contemplating a criminal investigation of petitioner's tax liabilities for the years in issue. It is clear that petitioners are subject to the income tax laws and statutory requirements to file timely returns. See Rowlee v. Commissioner, 80 T.C. 1111 (1983); sections 6011 and 6012. Petitioner admitted that he received wage income and filed tax returns prior to 1982. Rule 34(b)(4) provides that a petition filed with this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. No justiciable error has been alleged in the filed petition. Rule 40 provides that a party may *183 file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim upon respondent's motion when it appears beyond doubt that the taxpayer can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). The determinations made by respondent in his notice of deficiency are presumed correct. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). In addition, any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). Since petitioners have not raised any justiciable facts or issues in their petition, respondent's motion to dismiss will be granted. See Ladika v. Commissioner, T.C. Memo 1989-258, affd. without published opinion 899 F.2d 1225 (9th Cir. 1990). We now consider, on our own motion, whether to impose sanctions against petitioners *184 under section 6673. We have required a penalty to be paid to the United States on our own motion in applicable cases where we are convinced that a taxpayer's position in the proceeding is frivolous or groundless and the proceeding was instituted primarily for delay. See Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 410 (1984). Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous, groundless, or instituted primarily for delay, we may require the taxpayer to pay to the United States a penalty in an amount not in excess of $ 25,000. Section 6673(a), as amended by section 7731 of the Omnibus Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400. We find that the petition in this case is frivolous and groundless and was filed primarily for delay. Accordingly, we hold that petitioners are required to pay to the United States a penalty in the amount of $ 5,000. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the entire underpayment.↩
*. 50 percent of the interest due on the entire underpayment. Petitioners resided in Godley, Texas, when they filed their petition in this case.↩