ROSE A. PABON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pabon v. Commissioner
Docket No. 10237-94
United States Tax Court
T.C. Memo 1994-476; 1994 Tax Ct. Memo LEXIS 484; 68 T.C.M. (CCH) 813; September 29, 1994, Filed *484 An order of dismissal and decision will be entered. Rose A. Pabon, pro se. For respondent: Stuart Spielman. DAWSON, ARMEN
DAWSON, ARMEN
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And For Penalties, filed pursuant to Rule 40 and section 6673(a). Petitioner resided in Los Angeles, California, at the time she filed the petition in this case. Respondent's Notice of Deficiency
By notice *485 dated May 6, 1994, respondent determined a deficiency in, and additions to, petitioner's Federal income tax for the taxable year 1991 as follows: Additions to Tax
Deficiency
Sec. 6651(a)(1)
Sec. 6654(a)
$ 37,463
$ 9,097
$ 2,089
The deficiency in tax was based on respondent's determination that petitioner failed to report the following items of income on an income tax return for 1991: Wages:
Delta Air Lines, Inc.
$ 38,423
Interest:
Shearson Lehman Bros. Inc.
6,717
Delta Employees Credit Union
176
6,893
Dividends:
Cigna High Yield Fund
420
Shearson Lehman Bros. Inc.
7,490
Putnam High Income Govt Trust
745
Putnam High Income Govt Trust
1,327
9,982
State income tax refund:
California
1,225
Capital Gains (Shearson Lehman Bros Inc.):
Safeway Stores (7-16-91)
750
Safeway Stores (12-20-91)
22,969
RJR Nabisco Inc (3-1-91)
24,434
Tosco Corp. (2-28-91)
19,585
Rascal Electrs Ltd (6-3-91)
14,755
82,493
Total
139,016
The addition to tax under section 6651(a)(1) was based on respondent's determination that petitioner's failure to file a timely income tax return for 1991 was not due to reasonable cause. Finally, *486 the addition to tax under section 6654(a) was based on respondent's determination that petitioner failed to pay the requisite estimated income tax for 1991. Petitioner's Petition
The first numbered paragraph of the petition filed by petitioner in this case reads as follows: On May 6, 1994, respondent issued a notice of deficiency see attached as Exhibit A. Since petitioner is not an employee of the Federal or state governments, is not engaged in a revenue taxable activity of alcohol, tobacco or firearms and therefore not subject to any exise [sic] tax, such notice of deficiency is in error. Petitioner asks the Court based on the "voluntary compliance" requirements of the Congress, numerous Executive Orders by President Ford and cases cited herein to redetermine wherein respondent has any yjurisdiction to assess a liability for the year ended December 31, 1991.
The petition's second numbered paragraph, which extends for more than 4 pages, begins as follows: Lack of Jurisdiction - In matters of non-apportioneddirect taxes on compensation for labor earned in a common, lawful and unregulated occupation, the federal government has neither personal or subject matter *487 jurisdiction over Citizens of the 50 States.
The second numbered paragraph concludes as follows: The Internal Revenue Service has no subject matter or personam jurisdiction.
Respondent's Rule 40 Motion and Subsequent Developments
On July 12, 1994, respondent filed her Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And For Penalties. Shortly thereafter, on July 18, 1994, the Court issued an order calendaring respondent's motion for hearing and also directing petitioner to file a proper amended petition in accordance with the requirements of Rule 34. Petitioner did not file a proper amended petition as directed by the Court. Rather, petitioner submitted a document entitled "Refusal For Cause Without Dishonor UCC 3-501", which was filed as petitioner's Rule 50(c) Statement. This document alleges that "There is no evidence to show that this court has subject matter or in personam jurisdiction." It goes on to state, in part, that: The federal government agents are thereby treating the Petitioner, her body, and her actions as a financial security to secure the 14th Amendment debt of the District of Columbia and the other de jure *488 states of America.
The foregoing document includes a number of "demands", among them the following: I demand to see the foundational instrument bearing my bona fide signature whereby I knowingly, purposefully and with intent, volunteered into participating in federal bankrupt State activity, program, and agency whereby the federal States have a claim to all of my God given unalienable rights, and substituted therefore the privileges and legal status of a bankruptcy chattel to the federal international banker creditors of the bankrupt 51 federal States created by Congress to quietly and without notice overthrow our American de jure states. * * * * * * The federal and State income tax laws are those international laws promulgated, under the authority of Matthew 17:25-26, that have been laid by the foreign banker creditors upon us as bankrupts subject.
Finally, the document filed as petitioner's Rule 50(c) statement includes a lengthy letter to Attorney General Janet Reno concerning three "Counterfeit Security Orders" of this Court, including the aforementioned Order dated July 18, 1994, and one "Counterfeit Security Motion" filed by respondent. The "Counterfeit Security *489 Motion" is respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And For Penalties. The letter to the Attorney General goes on to make a variety of "demands" regarding the foregoing "counterfeited securities" and related matters. Discussion
Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). *490 In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646, 658 n.19 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protester rhetoric and legalistic gibberish, as demonstrated by the passages of petitioner's papers that we have quoted above. We see no need to catalog petitioner's contentions and painstakingly address them. We have dealt with many of them before. E.g., Nieman v. Commissioner, T.C. Memo. 1993-533; Solomon v. Commissioner, T.C. Memo. 1993-509. Moreover, as the *491 Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984), affg. per curiam an unreported Order of this Court. Because the petition fails to state a claim upon which relief can be granted, we will grant so much of respondent's motion that moves to dismiss. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984), affg. per curiam an unreported Order of this Court. We turn now to that part of respondent's motion that moves for an award of a penalty against petitioner under section 6673(a). As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $ 25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The record in this case convinces us that petitioner was not interested in *492 disputing the merits of either the deficiency in income tax or the additions to tax determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse her own misguided views. A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986), affg. an unreported order of this Court. Petitioner's position, as set forth in the petition and in the Rule 50(c) statement, consists solely of tax protester rhetoric and legalistic gibberish. Based on well established law, petitioner's position is frivolous and groundless. We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed. In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner *493 to pay a penalty to the United States in the amount of $ 2,500. See Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984). To reflect the foregoing, An order of dismissal and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩