RONALD DEVON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Devon v. Commissioner
Docket No. 23083-94
United States Tax Court
T.C. Memo 1995-206; 1995 Tax Ct. Memo LEXIS 208; 69 T.C.M. (CCH) 2585; May 15, 1995, Filed *208 An order of dismissal and decision will be entered. Ronald Devon, pro se. For respondent: William O. Henck and Lynda B. Taylor. DAWSON, ARMEN
DAWSON; ARMEN
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Or In The Alternative To Strike Petition, filed pursuant to Rule 40 and section 6673(a). Petitioner resided in Las Vegas, Nevada, at the time that the petition was filed in this case. *209 Respondent's Notice of Deficiency
By notice dated September 9, 1994, respondent determined deficiencies in, and additions to, petitioner's Federal income taxes for the taxable years 1990 through 1992 as follows: Additions to tax
Year
Deficiency
Sec. 6651(a)(1)
1990
$ 3,452
$ 863
1991
7,272
1,817
1992
10,027
2,507
The deficiencies in income taxes are based on respondent's determination that petitioner failed to report wages and nonemployee compensation for the years in issue as follows: Nonemployee
Year
Wages
compensation
1990
--
$ 14,850
1991
$ 115
27,025
1992
--
34,474
The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioner's failure to file timely income tax returns for the years in issue was not due to reasonable cause. Petitioner's Petition
Petitioner filed a petition for redetermination on December 13, 1994. The petition states in pertinent part as follows: Petitioners tax payer identification numbers are Pursuant to the Privacy Act Petitioner has no "taxpayer identification number". * * * Petitioner states that he/she is not identified in the tax code by person, class *210 of persons, and/or activity as a taxpayer (as defined in the internal revenue code) and therefore Petitioner is not subject to an internal revenue tax. Petitioner has never been afforded a hearing to determine if he/she is a "taxpayer" as defined within the defination of the internal revenue code. Since non-taxpayers are not within the perview of the code they are not subject to any internal revenue tax. Therefore the above determinations are in error.
Respondent's Rule 40 Motion and Subsequent Developments
As indicated, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Or In The Alternative To Strike Petition. Respondent's motion to dismiss includes a prayer for relief requesting that the Court impose a penalty upon petitioner pursuant to section 6673(a). Shortly after respondent filed the motion to dismiss, the Court issued an Order dated February 13, 1995, calendaring respondent's motion for hearing and also directing petitioner to file a proper amended petition in accordance with the requirements of Rule 34. In particular, the Court directed petitioner to file an amended petition setting forth with specificity each *211 error allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based. On March 13, 1995, petitioner filed an amended petition in which he alleged that respondent failed to demonstrate that petitioner is engaged in an activity that would expose petitioner to liability for Federal income tax. In this regard, petitioner asserts that the notice of deficiency is a "counterfeit security". The amended petition states in pertinent part as follows: * * * it is well settled as the law of the land that the subject of the income tax is not income. * * * * * * As I stated in my petition "Petitioner states that he/she is not identified in the tax code by person, class of persons, and/or activity as a taxpayer (as defined in the internal revenue code) and therefore Petitioner is not subject to an internal revenue tax." Since I am not a taxpayer, and the respondent has not made such an assertion nor is there any evidence before this Court that I am engaged in any revenue taxable activity, happening or event, the notice of deficiency constitutes a "counterfeit security" and its signer is subject to *212 punishment under Title 18 United States Code Section 552 as a felony. Since this counterfeit security was sent through the mail the sender has committed mail fraud. Since this counterfeit security says that I am liable for a tax without stating how I became liable it constitutes the making of a false statement on a government form in violation of 26 USC Section 7214(7). This Court cannot condone the commission of crimes by the IRS personnel associated with this counterfeit security and must declare it void from the beginning.
A hearing on respondent's motion to dismiss was held in Washington, D.C., on March 22, 1995. Counsel for respondent appeared at the hearing and presented argument on the pending motion. Petitioner did not appear at the hearing, nor did he file a statement with the Court pursuant to Rule 50(c). [2]
Discussion
Rule *213 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears clear that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1); 123(b). In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, *214 and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646, 658 n.19 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protester rhetoric, as demonstrated by the passages from the petition that we have quoted above. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). The Court's Order dated February 13, 1995, provided petitioner with an opportunity to assign error and allege specific facts concerning his liability *215 for the taxable years in issue. Petitioner failed to properly respond to the Court's order. Instead he elected to continue to proceed with time-worn tax protester rhetoric. See Abrams v. Commissioner, supra; Rowlee v. Commissioner, supra; McCoy v. Commissioner, supra; Karlin v. Commissioner, T.C. Memo 1990-496. We see no need to catalog petitioner's contentions and painstakingly address them. We have dealt with many of them before. E.g., Nieman v. Commissioner, T.C. Memo. 1993-533; Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994). Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). The short answer to petitioner's arguments *216 is that he is not exempt from Federal income tax or from the imposition of appropriate additions to tax. See Abrams v. Commissioner, supra at 406-407. Because the petition fails to state a claim upon which relief can be granted, we will grant that part of respondent's motion that moves to dismiss. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984). We turn now to that part of respondent's motion that moves for an award of a penalty against petitioner under section 6673(a). As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $ 25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income taxes or the additions to tax determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest *217 the tax laws of this country and espouse his own misguided views. A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner's position, as set forth in the petition and the amended petition, consists solely of tax protester rhetoric and legalistic gibberish. Based on well established law, petitioner's position is frivolous and groundless. We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed. In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $ 2,500. Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); *218 Abrams v. Commissioner, supra at 408-411. To reflect the foregoing, An order of dismissal and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner was reminded of the applicability of Rule 50(c) by the Court in its Order calendaring respondent's motion for hearing.↩