LILA M. SPENCE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Spence v. Commissioner
Docket No. 1020-95
United States Tax Court
T.C. Memo 1995-210; 1995 Tax Ct. Memo LEXIS 211; 69 T.C.M. (CCH) 2607; May 17, 1995, Filed *211 An order of dismissal and decision will be entered for respondent. Lila M. Spence, pro se. For respondent: Richard S. Goldstein and Thomas F. Eagan. ARMEN
ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And For Damages Under I.R.C. § 6673, filed pursuant to Rule 40. [1]
Petitioner resided in Farmington, New Mexico, at the time her petition was filed with the Court. Respondent's Notice of Deficiency
By notice dated October 17, 1994, respondent determined deficiencies in, and accuracy-related penalties under section 6662(a) with respect to, petitioner's Federal income tax for the taxable years 1990 and 1991 as follows: Accuracy related penalty
Year
Deficiency
Sec. 6662(a)
1990
$ 4,064
$ 813
1991
4,006
801
*212 The deficiencies in income taxes are based on respondent's determination that petitioner received, and failed to report on her income tax returns for 1990 and 1991, Schedule E rental income in the amounts of $ 14,675 and $ 18,074, respectively. [2]
The accuracy-related penalties under section 6662(a) are based on respondent's determination that the underpayments of tax for the taxable years in issue are attributable to negligence or disregard of rules or regulations. See sec. 6662(b)(1), (c). Petitioner's Petition
Petitioner *213 filed a petition for redetermination on January 17, 1995. The petition includes allegations that as a citizen of the Republic of the State of New Mexico, petitioner is not subject to Federal income tax and that the Commissioner or her delegate did not have the authority or jurisdiction to issue any notice of deficiency to petitioner. Allegations such as the foregoing are exemplified by the following paragraphs of the petition: 3. Petitioner Lila M. Spence, was, at all times herein mentioned, a citizen and resident of the Republic of the State of New Mexico, and, by virtue of Article IV, Section 2, Clause 1 U.S. Constitution, is also a citizen of the United States, not subject to its jurisdiction, domicile in the United States, state of New Mexico. Mrs. Lila M. Spence has never expatriated her American citizenship and residence nor has she resided abroad during any period of her lifetime. 4. Mrs. Lila M. Spence, was born in one of the several states of the 50 contiguous States United. Thus, Mrs. Lila M. Spence, is a natural born citizen of the contiguous United States of America. As a result of both of these actions Mrs. Lila M. Spence, is not subject to any United States *214 Treaty, nor is she subject to any United States Territorial Laws. Currently the Mrs. Lila M. Spence, is domiciled in and resides in FarmingtonNew Mexico. Mrs. Lila M. Spence, has never expatriated her American citizenship and residence nor has she resided abroad during any periods of her lifetime. 5. During the years 1990 and 1991 and up to the present time, Mrs. Lila M. Spence, earned her living doing various things or was just a plain housewife. For the sake of clarification all of her earnings and work were within the United States. During the years 1990 and 1991 Mrs. Lila M. Spence, did not reside within any foreign country or within any territory of the United States. Thus, Mrs. Lila M. Spence, was not engaged in any activity upon which Congress has imposed a tax under the provisions of Subtitle A of the Internal Revenue Code and related regulations. * * * 15. The Commissioner and/or his delegate erroneously determined that he/she had delegated authority and/or jurisdiction to issue statutory 90 day Notices of Deficiency to Petitioner.
Respondent's Rule 40 Motion and Subsequent Developments
On February 6, 1995, respondent filed her Motion To Dismiss For *215 Failure To State A Claim Upon Which Relief Can Be Granted And For Damages Under § 6673. Thereafter, on February 16, 1995, the Court issued and served an order calendaring respondent's motion for hearing and also directing petitioner to file a proper amended petition in accordance with the requirements of Rule 34. Specifically, the Court directed petitioner to file, by March 13, 1995, an amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiency and separate statements of every fact upon which the assignments of error are based. Petitioner did not comply with the Court's Order dated February 16, 1995. Rather, on March 14, 1995, petitioner submitted a document entitled "Motion To Dismiss For Failure To Prove That There Was Jurisdiction Or Authority To Have Sent The 90 Day Deficiency Letter". The Court filed petitioner's document as her Rule 50(c) Statement. Petitioner's Rule 50(c) Statement repeats many of the allegations set forth in the petition. Thus, for example, the opening paragraph of the statement provides as follows: THE PETITIONER MOVES, pursuant to 5 USC § 556 the *216 Administrative Procedural Act, that the proponent has the burden of proof. The IRS has come up with this scheme of issuing out a 90 day letter in order to shift the burden, this is unconstitutional. This petitioner has challenged the respondent and he has failed to prove that he even had the authority to send the 90 day deficiency notice, so rule 40 of the Court's rules of Practice and Procedure does not apply in this case until jurisdiction and authority has been proven.
A hearing on respondent's motion to dismiss was held in Washington, D.C., on March 22, 1995. Counsel for respondent appeared at the hearing and presented argument on the pending motion. Petitioner did not appear at the hearing, nor has she filed a proper amended petition as directed by the Court in its Order dated February 16, 1995. Discussion
Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); *217 Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiencies and the penalties in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1); 123(b). In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, supra at 658 n.19 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). *218 The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protester rhetoric, as demonstrated by the passages from the petition and petitioner's Rule 50(c) Statement that we have quoted above. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). See also Karlin v. Commissioner, T.C. Memo. 1990-496. Further, petitioner did not file a proper amended petition as directed by the Court in its Order dated February 16, 1995. We see no need to catalog petitioner's contentions and painstakingly address them. We have dealt with many of them before. E.g., Nieman v. Commissioner, T.C. Memo. 1993-533; Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994). *219 Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that the Congress has created the deficiency procedure and has authorized the Commissioner to send notices of deficiency to taxpayers. Secs. 6211-6215, 7701(a)(11)(B), (12)(A)(i), (13), (14). Because the petition fails to state a claim upon which relief can be granted, we shall grant that part of respondent's motion that moves to dismiss. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984). We turn now to that part of respondent's motion that moves for an award of a penalty under section 6673. As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $ 25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding *220 is frivolous or groundless. The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income taxes or the accuracy-related penalties determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse her own misguided views. A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner's position, as set forth in the petition and in her Rule 50(c) Statement, consists solely of tax protester rhetoric. Based on well-established law, petitioner's position is frivolous and groundless. We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were necessarily delayed. In view of the foregoing, we will exercise *221 our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $ 500. Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984). To reflect the foregoing, An order of dismissal and decision will be entered for respondent. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable years in issue.↩
2. In the notice of deficiency, respondent identified the properties in respect of which the unreported rental income was received as being located at 200 South Gower and 1404 Sullivan in Farmington, New Mexico. We note that the increase in petitioner's adjusted gross income for each of the years in issue that was occasioned by the rental income adjustment served to limit further the allowability of petitioner's miscellaneous itemized deductions on her Schedule A for each year. Sec. 67(a).↩