T.C. Memo. 1995-498


UNITED STATES TAX COURT


DUANE B. AND LINDA L. ERWIN, ET AL.,[1] Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 8625-95, 8626-95,      Filed October 17, 1995.
        8627-95.


<u>Stuart Spielman</u> and <u>James A. Kutten</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  These related cases were assigned to Special

Trial Judge Robert N. Armen, Jr., pursuant to the provisions of

---

[1] The following cases are related and considered herewith:
Duane B. Erwin, docket No. 8626-95; and Linda L. Erwin, docket
No. 8627-95.  A related case involving Angela D. Erwin, docket
No. 8624-95, was previously dismissed for lack of jurisdiction.

section 7443A(b)(4) and Rules 180, 181, and 183.[2]  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  Each of these cases is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed pursuant to Rule 40.

Petitioners resided in Independence, Missouri, at the time their petitions were filed in these cases.

Respondent's Notices of Deficiency

By notices dated February 23, 1995, respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1992 and 1993, as well as a penalty and additions to tax, as follows:

Docket No. 8625-95
Duane B. and Linda L. Erwin

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 1992 | $14,029 | $2,799 |

Docket No. 8626-95
Duane B. Erwin

| | | Additions to tax | |
|------|-----------|----------------|----------------|
| Year | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| 1993 | $4,363 | $1,156 | $183 |

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Docket No. 8627-95
Linda L. Erwin

|  |  | Additions to tax | |
| --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| 1993 | $4,356 | $1,089 | $182 |

The deficiency in income tax for 1992 is based on respondent's determination that petitioners failed to report the following items of income:

| Item of income | Amount |
| --- | --- |
| Wages (Hallmark Cards, Inc.) | $626 |
| Interest (United Consumers Credit Union) | 124 |
| IRA distribution (United Consumer C/U) | 56,417 |
| Total | 57,167 |

The deficiency in income tax includes the 10-percent additional tax imposed by section 72(t) for premature distributions from qualified retirement plans. The penalty under section 6662(a) is based on respondent's determination that the underpayment of tax for 1992 is due to negligence or intentional disregard of rules or regulations.

Insofar as petitioner Duane B. Erwin is concerned, the deficiency in income tax for 1993 is based on respondent's determination that petitioner failed to report on a timely-filed income tax return for that year: (1) Wages from Hallmark Cards, Inc., and (2) income from self-employment, as reconstructed by respondent. The deficiency in income tax includes the self-employment tax. The addition to tax under section 6651(a) is based on respondent's determination that petitioner failed to

file a timely income tax return for 1993. Finally, the addition to tax under section 6654(a) is based on respondent's determination that petitioner failed to pay the requisite estimated income tax for 1993.

Insofar as petitioner Linda L. Erwin is concerned, the deficiency in income tax for 1993 is based on respondent's determination that petitioner failed to report income from self-employment, as reconstructed by respondent, on a timely filed income tax return for that year. The deficiency in income tax includes the self-employment tax. The addition to tax under section 6651(a) is based on respondent's determination that petitioner failed to file a timely income tax return for 1993. Finally, the addition to tax under section 6654(a) is based on respondent's determination that petitioner failed to pay estimated income tax for 1993.

Petitioners' Petition at Docket No. 8625-95[3]

Petitioners filed a petition for redetermination on May 24, 1995. In their petition, petitioners admit that "citizens and resident aliens of the United States are taxed on all their net

_____

[3] The petition filed at docket No. 8626-95 by petitioner Duane B. Erwin and the petition filed at docket No. 8627-95 by petitioner Linda L. Erwin are virtually identical to the petition filed by petitioners at docket No. 8625-95. Similarly, the history of docket Nos. 8626-95 and 8627-95 subsequent to the filing of the petitions parallels exactly the history of docket No. 8625-95. Accordingly, we shall limit our discussion in this Opinion to the petition filed at docket No. 8625-95. It should be understood, however, that what we say in respect of that docket applies equally to the other two dockets.

income regardless of its source." Nevertheless, petitioners allege that they are not subject to the Federal income tax because they are "without the jurisdiction" of the United States. In this regard, petitioners allege that they are neither United States citizens nor resident aliens because they are "state citizens of Missouri (not State of Missouri)". Petitioners also allege that they are not nonresident aliens engaged in a trade or business within the United States, and that they are not nonresident aliens who have elected to be treated as resident aliens.

Petitioners attached a number of documents to their petition. One such document is an "Affidavit in Support of Petition". This document states in part:

> That Duane B. Erwin and Linda L. Erwin, the workmanship of God, are naturally in a state of perfect freedom to order their actions, and dispose of their possessions and persons, as they think fit, within the bounds of the law of nature, that is, the law of reason and common equity, without asking leave, or depending upon the will of any other man.

> \* \* \* \* \* \* \*

> That Duane B. Erwin and Linda L. Erwin are state citizens of Missouri, and have continually abode in Jackson County, Missouri.

> That Missouri is a free and independent State united by and under the Constitution of the United States.

> That 26 U.S.C. (I.R.C. 1939 and 1954) imposes NO tax on the person of the state citizen within the jurisdiction of Missouri, a free and independent state.

- 6 -

Petitioners also attached to their petition a series of documents identified as "Exodus Documents", which petitioners apparently filed with the local recorder's office in Missouri and which include, inter alia, an "Abjuration of Citizenship", a "Declaration of Citizenship", and "Affidavit of Pledge".  The "Abjuration of Citizenship" states as follows:

> I, Duane B. Erwin/Linda L. Erwin, a NATURAL FREEBORN NATIVE in Jackson County, Missouri, having obtained tender mercy from God our Saviour, who will have all men to be saved, and to come unto the knowledge of the truth.  For there is one God, and one mediator between God and men, the man Christ Jesus; who gave himself a ransom for all, to be testified in due time.
>
> And I thank Jesus Christ, Son of the living God, that he hath delivered me from this present evil world. Now having been delivered from the power of darkness and translated into the kingdom of God's dear Son, being of full age, possessed of a sound mind, and not acting under fraud, duress, or undue influence, do solemnly swear and affirm the following:
>
> 1.   That of my own free will, I voluntarily, intentionally and willingly abjure, disavow, and relinquish the citizenship of the United States, and renounce and abandon with solemnity allegiance to the United States.
>
> 2.   That the United States is a foreign country, a private corporation.  I am not a member of the aforesaid foreign corporation, the United States.  I am not a U.S. Citizen, and I do not elect to be a resident-alien of the United States (District of Columbia), its territories or possessions.  I freely and wholly choose to renounce and quit the United States forever and never to return under its jurisdiction.
>
> 3.   That all vows, oaths, anathemas, obligations, pledges of all names, which I have vowed, sworn, devoted, or bound myself to, from birth until this 3rd day of March, 1995, I repent, of them all, they shall

all be deemed forgiven, abjured, absolved, annulled, void and made of no effect, and shall not stand; the vows shall not be reckoned vows, the obligations shall not be obligatory, nor the oaths considered as oaths; all signatures of the property known as Duane B. Erwin/Linda L. Erwin that appear on all United States Federal Forms, Contracts, Codicils, or documents of any description are repudiated and forever cast into forgetfulness.

The "Declaration of Citizenship", the second of the several "Exodus Documents", states in part as follows:

Blessed be the God and Father of our Lord Jesus Christ, who according to his abundant mercy hath begotten us again unto a lively hope by the resurrection of Jesus Christ from the dead, to an inheritance incorruptible, undefiled, which does not fade, reserved for the saints of the Most High, who are kept by the power of God through faith unto salvation ready to be revealed in the last time.

* * * * * * *

1. That I, Duane B. Erwin/Linda L. Erwin, a Follower of God, Natural Born Citizen, Free Person, born in Green County, Missouri, of my own freewill, do knowingly, willingly, intentionally and voluntarily vow and devote upon solemn PLEDGE that I am a Citizen of Missouri, and any claim to the contrary is based on fraud, and is null and void and shall not stand, nunc pro tunc.

The "Affidavit of Pledge" is a pledge of allegiance to the "Missouri Republic" and pledges to "defend and protect this my Country, Missouri, its Sovereignty and Constitution from both foreign and domestic enemies."

Respondent's Rule 40 Motion and Subsequent Developments

As indicated, on June 28, 1995, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. Shortly thereafter, on June 30, 1995, the Court issued

an order calendaring respondent's motion for hearing and also directing petitioners to file a proper amended petition in accordance with the requirements of Rule 34. In particular, the Court directed petitioners to file a proper amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiency and separate statements of every fact upon which the assignments of error are based. Petitioners did not file an amended petition and did not otherwise respond to the Court's Order.

Respondent's motion to dismiss was called for hearing in Washington, D.C., on August 2, 1995, and again on August 16, 1995. Counsel for respondent appeared at both hearings and presented argument and evidence in support of the pending motion. Petitioners did not appear at either hearing, nor did they file any written statement of their position under Rule 50(c).[4]

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim that would entitle him or her to relief. Conley v. Gibson, 355

---

[4] Petitioners were reminded of the applicability of Rule 50(c) in the Court's Order dated June 30, 1995, calendaring respondent's motion for hearing.

- 9 -

U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1); 123(b).

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646, 658 n.19 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980).

The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protester rhetoric and legalistic gibberish, as demonstrated by the

passages from the petition, and the attachments thereto, that we have quoted above. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).

The Court's Order dated June 30, 1995, provided petitioners with an opportunity to assign error and allege specific facts concerning their liability for the taxable year in issue. Unfortunately, petitioners failed to properly respond to the Court's Order. Rather, petitioner elected to continue to proceed with time-worn tax protester rhetoric. See Abrams v. Commissioner, supra; Rowlee v. Commissioner, supra; McCoy v. Commissioner, supra; Karlin v. Commissioner, T.C. Memo. 1990-496.

We see no need to painstakingly address petitioners' basic argument. The short answer to it is that petitioners are not exempt from Federal income tax or from the imposition of appropriate penalties and additions to tax. See Abrams v. Commissioner, supra at 406-407. Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Because the petition fails to state a claim upon which relief can be granted, we will grant respondent's motion to

dismiss for failure to state a claim.  See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984); see also Nieman v. Commissioner, T.C. Memo. 1993-533; Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994).

We turn now, on our own motion, to the award of a penalty against petitioners under section 6673(a).

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioners were not interested in disputing the merits of either the deficiency in income tax or the penalty determined by respondent in the notice of deficiency.  Rather, the record demonstrates that petitioners regard this case as a vehicle to protest the tax laws of this country and espouse their own misguided views.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  Petitioners' position, as set forth in the petition, consists solely of tax protester rhetoric and

legalistic gibberish.  Based on well established law, petitioners' position is frivolous and groundless.

We are also convinced that petitioners instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay.  Having to deal with this matter wasted the Court's time, as well as respondent's.  Moreover, taxpayers with genuine controversies were delayed.

In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and in our decision in docket No. 8625-95 require each petitioner to pay a penalty to the United States in the amount of $1,500.  Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, supra at 408-411.

To reflect the foregoing,

Orders of dismissal and decisions will be entered in each case.