T.C. Memo. 1996-2


UNITED STATES TAX COURT


DAROLD D. FRIESEN AND ROSELLA M. FRIESEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14372-95.              Filed January 3, 1996.


<u>Peter Reilly</u> and <u>Albert B. Kerkhove</u>, for respondent.


MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This case is before the Court
on respondent's Motion To Dismiss For Failure To State A Claim
Upon Which Relief Can Be Granted, filed pursuant to Rule 40.[1]

_____

[1] All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code in effect for the taxable years in issue.

(continued...)

Petitioners resided in Henderson, Nebraska, at the time that their petition was filed with the Court.

Respondent's Notices of Deficiency

By notices dated May 12, 1995, respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1990 and 1992, as well as additions to tax, as follows:

Darold D. Friesen

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) |
|------|-----------|------------------|
| 1992 | $1,391 | $185.75 |

Rosella M. Friesen

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) |
|------|-----------|------------------|
| 1990 | $709 | $177.25 |

The deficiency in income tax determined against petitioner Darold D. Friesen is based on respondent's determination that said petitioner failed to report wages in the amount of $14,564 received during 1992 from Bosselman, Inc.  The addition to tax under section 6651(a)(1) is based on respondent's determination that petitioner failed to file a timely income tax return for the taxable year 1992.

The deficiency in income tax determined against petitioner Rosella M. Friesen is based on respondent's determination that said petitioner failed to report self-employment tax on non-employee compensation in the amount of $5,018 received during

[1](...continued)

1990 from Santa Rosa Sales and Marketing, Inc.  The addition to tax under section 6651(a)(1) is based on respondent's determination that petitioner failed to file a timely income tax return for the taxable year 1990.

Petitioners' Petition

Petitioners filed a petition for redetermination on July 31, 1995.  In their petition, petitioners allege that they are "non-federal people" who are inhabitants of the Republic State, Nebraska, which is "without" the United States.  In this regard, petitioners claim "status as defined at CFR 1.871-1(b)(i)".[2]  The petition also includes the following allegations, among others:

> The Petitioners are Non-Residents of Washington, D.C., they are non-Residents of any Federal area, and are alien to the foreign Federal Jurisdiction;

> * * * * * * *

> The Petitioners are not now, nor have they ever been "transferees" of the federal funds for their livelihood;

> The Petitioners find no Treasury Dept. delegation of Authority Order that has been issued or published, which would provide for finding deficiencies or assessing them as inhabitants in the Republic State, Nebraska;

---

[2] For purposes of the income tax, sec. 1.871-1(b), Income Tax Regs., sets forth 3 classes of nonresident alien individuals. The first such class, described in sec. 1.871-1(b)(1)(i), Income Tax Regs., consists of nonresident alien individuals who at no time during the taxable year are engaged in a trade or business in the United States.

The Petitioners find that there are no implementing regulation for the deficiencies or the assessments as required by Title 26 at [section] 7805(a);[3]

The Petitioners had no revenue taxable activity that would come under the stamp tax liability;

\*   \*   \*   \*   \*   \*   \*

Respondent has placed these Petitioners into an "excise tax" category, in error, or mistake.

Respondent's Rule 40 Motion and Subsequent Developments

As indicated, on September 15, 1995, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. Shortly thereafter, on September 18, 1995, the Court issued an order calendaring respondent's motion for hearing and also directing petitioners to file a proper amended petition in accordance with the requirements of Rule 34. In particular, the Court directed petitioners to file a proper amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based.

---

[3] Sec. 7805(a) provides as follows:

SEC. 7805. RULES AND REGULATIONS.
   (a) Authorization.--Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, the Secretary shall prescribe all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue.

On October 16, 1995, the Court received a document from petitioners that was filed as petitioners' Motion for Extension of Time to File Amended Petition. The Court granted such motion, extending for a month the time within which petitioners were to file a proper amended petition and continuing for hearing respondent's pending motion to dismiss.

On November 20, 1995, petitioners filed an Amended Petition alleging that "The Respondent errors in establishing a deficiency for the years 1991, 1992, and 1993." In this regard, however, we note that respondent only determined a deficiency against petitioner Rosella M. Friesen for the taxable year 1990 and against petitioner Darold D. Friesen for the taxable year 1992. Therefore, the amended petition fails to place in dispute one of the two taxable years for which deficiencies were determined and attempts to place in dispute two taxable years for which no deficiencies were determined.

Apart from the foregoing, petitioners suggest in their amended petition that Federal Reserve notes are not a form of legal tender. Their argument concludes as follows:

> Who may legally take Federal Reserve Notes in exchange as a[n] acceptable form of payment? To this the Petitioner adds that their [sic] exist[s] no legal way for the Petitioner to satisfy the Commissioner[']s assessment at any time during this Article I presentment.

Petitioners also continue to argue in their amended petition that they enjoy nonresident alien status. In this regard they argue as follows:

This Tax Court knows that as long as the Petitioners are within their Union State boundary, they are Non-Resident Alien to the United States. Non-Resident to the United States Jurisdiction and Foreign or Alien to them as well.

The amended petition also alleges that respondent bears the burden of proof in respect of the following matters, among others:

> The Respondent bears the burden to prove the Petitioner is in fact a taxpayer as it relate[s] to 26 U.S.C. section 7701(a)(14).[4]
>
> \* \* \* \* \* \* \*
>
> The Respondent bears the burden to prove that the Petitioner is subject to any Act of Congress, passed under Congress's whatsoever authority, without the voluntary election agreeing to be treated as a subject of such Congressional Authority.
>
> \* \* \* \* \* \* \*
>
> The Respondent bears the burden to prove that the Petitioners some how became subject of a lessor race by way of becoming "Taxpayers".

Respondent's motion to dismiss was called for hearing in Washington, D.C., on November 22, 1995. Counsel for respondent appeared at the hearing and presented argument in support of the pending motion. Petitioners did not appear at the hearing, nor did they file any written statement of their position under Rule 50(c).[5]

---

[4] Sec. 7701(a)(14) defines the term "taxpayer" as "any person subject to any internal revenue tax."

[5] Petitioners were reminded of the applicability of Rule 50(c) in the Court's Order dated Sept. 18, 1995, calendaring respondent's motion for hearing.

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1), 123(b).

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, supra; Gordon v. Commissioner, 73 T.C. 736, 739 (1980).

Neither the petition nor the amended petition filed in this case satisfies the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protester rhetoric and legalistic gibberish, as demonstrated by the passages from the petition and the amended petition that we have quoted above. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).

The Court's Order dated September 18, 1995, provided petitioners with an opportunity to assign error and allege specific facts concerning their liability for the taxable years in issue. The Court's Order dated October 18, 1995, provided petitioners with yet additional time to file a proper amended petition. Unfortunately, petitioners failed to properly respond. Rather, petitioners elected to continue to proceed with time-worn tax protester rhetoric. See Abrams v. Commissioner, supra; Rowlee v. Commissioner, supra; McCoy v. Commissioner, supra; Karlin v. Commissioner, T.C. Memo. 1990-496.

We see no need to painstakingly address petitioners' various arguments. The short answer to those arguments is that petitioners are not exempt from Federal income tax or from the imposition of appropriate additions to tax. See Abrams v. Commissioner, supra at 406-407. Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need

to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

Because the petition and the amended petition fail to state a claim upon which relief can be granted, we shall grant respondent's motion to dismiss for failure to state a claim.  See <u>Scherping v. Commissioner</u>, 747 F.2d 478 (8th Cir. 1984); see also <u>Nieman v. Commissioner</u>, T.C. Memo. 1993-533; <u>Solomon v. Commissioner</u>, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994).[6]

In order to reflect the foregoing,

<u>An order of dismissal and decision will be entered.</u>

[6] Respondent's motion does not include a request that the Court award a penalty to the United States pursuant to sec. 6673(a), and we have decided not to award such a penalty on our own motion.  Petitioners are advised, however, that sec. 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.