T.C. Memo. 1996-24

UNITED STATES TAX COURT


MARK C. NAGY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10430-95.          Filed January 24, 1996.


Mark C. Nagy, pro se.

<u>Maria Murphy</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial

Judge Larry L. Nameroff pursuant to the provisions of section

7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

---

    [1]    All section references are to the Internal Revenue
Code.  All Rule references are to the Tax Court Rules of Practice
and Procedure.

and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, Special Trial Judge:  This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed pursuant to Rule 40. Respondent further moved for the imposition of sanctions pursuant to section 6673.  Petitioner resided in Los Alamitos, California, at the time the petition was filed in this case.

Respondent by a notice of deficiency dated March 13, 1995, determined deficiencies in, and additions to, petitioner's Federal income taxes for the taxable years 1989, 1990, and 1991 as follows:

| | | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
|------|-----------|-----------------|--------------|
| 1989 | $16,054 | $4,014 | $1,084 |
| 1990 | 7,923 | 1,981 | 521 |
| 1991 | 13,206 | 3,172 | 725 |

The deficiencies in income tax (including self-employment tax) are based on respondent's determination that petitioner failed to file income tax returns for the taxable years before the Court and had gross income, as reconstructed by respondent, in the respective amounts of $48,337, $29,724, and $40,696. Respondent further determined that petitioner had unreported interest in 1989 of $343 and Form W-2 wages in 1991 in the amount of $3,800 (of which $517 was withheld).  The additions to tax

under section 6651(a)(1) are based on respondent's determination that petitioner's failure to file timely income tax returns was not due to reasonable cause. The additions to tax under section 6654(a) are based on respondent's determination that petitioner failed to pay the requisite estimated income tax for the years in issue.

The petition, timely filed, contains the following allegations: (reproduced exactly)

> THE PETITIONER, UPON PRESENTMENT BY INTERNAL REVENUE, RETURNED AND REFUSED FOR CAUSE UCC 3-501 SAID PRESENTMENTS WITHOUT DISHONOR. IN ADDITION, PETITIONER MARK NAGY, IS NOT A "U.S. CITIZEN" NEITHER IS HE A 'RESIDENT NOR INHABITANT' OF THE U.S. AND HAS NO INCOME EFFECTIVELY CONNECTED WITH THE UNITED STATES THAT MARK NAGY DID NOT KNOWINGLY OR VOLUNTARILY ENTER INTO ANY AGREEMENT OR CONTRACT TO BE LIABLE FOR THE NATIONAL DEBT, OR 'ELECTED' TO BE TREATED AS A RESIDENT OF THE UNITED STATES UNDER 26 CFR PART 5h; 26 USC, SECTION 6013 (g) & (h) BY THE SIGNING OF FORM 1040 OR OTHER RELATED U.S. FORMS. MARK NAGY IS NOT A PARTY TO ANY TRANSACTION WITH THE U.S. LET THE U.S. PRODUCE THE ORIGINAL SIGNED CONTRACT [SEC.] 871 4(b) FURTHER PETITIONER SAYETH NOT.

After respondent filed the instant motion to dismiss, petitioner filed an Objection in which he claims, inter alia, that self-employment tax is an "excise-taxable" activity and that

> 3. Petitioner is a non-resident alien for purpose of the Federal Excise Tax.
> * * *
> 6. At issue in this case is the factual error the Respondent made by classifying the Petitioner as a resident of the U.S., and that the petitioner is engaged in excise taxable activity. Since the Petitioner was/is a non resident alien and not engaged in any excise taxable activity he disputes [the deficiencies, additions to tax, and interest].

This case was scheduled for hearing on respondent's motion for December 11, 1995, in Los Angeles, California. Petitioner failed to appear for that hearing. The Court did receive a copy of a document purporting to be a "(2nd) SECOND CODICIL" wherein petitioner purportedly attempted to revoke "all signatures that appear on every Federal 1040 Form (Codicil) including, but not limited to, the 'original' 1040 Form and all subsequent 1040 Forms that bear the SS No. 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 for all years inclusive." That document has not been filed, nor if filed would it have any bearing on this case.

## Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See

Jarvis v. Commissioner, 78 T.C. 646, 658 (1982).  The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal.  Rules 34(a)(1); 123(b).

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Moreover, any issue not raised in the pleadings is deemed to be conceded.  Rule 34(b)(4); Jarvis v. Commissioner, supra at 658 n.19; Gordon v. Commissioner, 73 T.C. 736, 739 (1980).  The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5).  There is neither assignment of error nor allegation of fact in support of any justiciable claim.  Rather, there is nothing but tax protester rhetoric and legalistic gibberish, as indicated by the passages of the petition and Objection that we have quoted above.  See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).  No facts supporting a "nonresident alien" finding have been alleged.  Further, petitioner did not appear at the call of this case for hearing on respondent's motion, but purported to revoke his signature on all previously filed Forms 1040.  We see no need to catalog petitioner's contentions and painstakingly address them.

We have dealt with many of them before.  E.g., <u>Nieman v. Commissioner</u>, T.C. Memo. 1993-533; <u>Solomon v. Commissioner</u>, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994).  Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).  Because the petition fails to state a claim upon which relief can be granted, we shall grant respondent's motion to dismiss.  See <u>Scherping v. Commissioner</u>, 747 F.2d 478 (8th Cir. 1984).

We turn now to respondent's request for the award of a penalty against petitioner under section 6673(a).  As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiency in income tax or the additions to tax determined by respondent in the notice of deficiency.  Rather, the record demonstrates that

petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views.  A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  Petitioner's position consists solely of tax protester rhetoric and legalistic gibberish.  Based on well established law, petitioner's position is frivolous and groundless.  We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's.  Moreover, cases of taxpayers with genuine controversies were delayed.  In view of the foregoing, we shall exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $5,000.  Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984).  To reflect the foregoing,

An order of dismissal and decision will be entered.