T.C. Memo. 1999-294

UNITED STATES TAX COURT

GARY ANDERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5329-97.                        Filed September 2, 1999.

Gary Anders, pro se.

James R. Robb, for respondent.

MEMORANDUM OPINION

PARR, Judge:  Respondent determined deficiencies in, and additions to, petitioner's Federal income taxes as follows:

|       |            | Additions to Tax | |
| Year  | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
|-------|------------|-----------------|-----------|
| 1986  | $4,806     | $1,202          | $233      |
| 1987  | 3,294      | 824             | 177       |
| 1988  | 16,668     | 4,167           | 1,072     |
| 1989  | 15,040     | 3,760           | 1,017     |
| 1990  | 36,868     | 9,217           | 2,414     |
| 1991  | 35,951     | 8,988           | 2,055     |
| 1992  | 14,907     | 3,727           | 650       |
| 1993  | 9,485      | 2,371           | 397       |

On June 21, 1999, the Court granted without objection respondent's oral motion to dismiss for failure to prosecute properly. The sole remaining issue is respondent's Motion To Impose Damages Under I.R.C. Section 6673.[1] The Court grants respondent's motion in that we require petitioner to pay a penalty to the United States in the amount of $25,000.

We combine our findings of fact with our opinion.

## Background

At the time the petition in this case was filed, petitioner resided in Helena, Montana.

This case was originally set for trial on June 15, 1998. At that time, petitioner was represented by counsel. On March 18, 1998, petitioner's counsel filed a motion to withdraw, which was granted on April 14, 1998.

On March 13, 1998, counsel for respondent served on petitioner Respondent's Request for Production of Documents and

---

[1]All section references are to the Internal Revenue Code in effect for the taxable years in issue.

Respondent's Interrogatories to Petitioner.  Petitioner never provided any of the information requested in Respondent's Request for Production of Documents and never responded to Respondent's Interrogatories to Petitioner.

On April 15, 1998, petitioner filed a Motion for Continuance, which was denied on April 22, 1998.

On May 4, 1998, respondent filed Motions to Compel Responses to Respondent's Interrogatories and Production of Documents.  On May 6, 1998, the Court ordered petitioner to serve on respondent and file with the Court any objections made in good faith to production of specific documents by May 26, 1998, and to produce for inspection and copying by May 28, 1998, all documents requested in Respondent's Request for Production of Documents that were not specifically identified as objectionable.  In addition, the Court ordered petitioner to serve on respondent and file with the Court objections to any specific interrogatory made in good faith to Respondent's Interrogatories to Petitioner by May 26, 1998, and to serve on respondent answers to each interrogatory that were not specifically objectionable by May 28, 1998.  Petitioner was also warned that if he did not fully comply with the Court's order of May 6, 1998, the Court might impose sanctions against him which could include dismissal of his case and entry of a decision against him.  Petitioner did not comply with the Court's order of May 6, 1998.

On May 27, 1998, petitioner sought protection of the U.S. Bankruptcy Court for the District of Montana (the Bankruptcy Court) by filing a petition in bankruptcy. The bankruptcy case was dismissed on June 25, 1998.

On June 9, 1998, before respondent or the Court was notified of petitioner's pending bankruptcy proceeding, the Court ordered that petitioner could not introduce any documents identified in Respondent's Request for Production of Documents and could not introduce any evidence relating to Respondent's Interrogatories to Petitioner, which were not provided to respondent by May 28, 1998, unless allowed by the Court for good cause shown.

On July 15, 1998, petitioner filed a second petition with the Bankruptcy Court. The second bankruptcy case was dismissed on July 31, 1998.

On September 1, 1998, petitioner filed a third petition with the Bankruptcy Court. On October 22, 1998, petitioner's third bankruptcy case was dismissed for abuse of the bankruptcy process, and he was enjoined from filing any petition in bankruptcy for a period of 1 year. In its discussion, the Bankruptcy Court stated:

> Based upon Debtor's tactics in the two prior Chapter 13 cases, which are repeated and surpassed in this case, the Debtor's repeated failures to submit conforming Schedules, Statements, and Plans, failure to file Statements of Income and Expenses, to answer questions under oath regarding his employment, income, expenses and tax returns, and to comply with other

rules this Court finds that the Debtor is engaged in a scheme of abuse of the bankruptcy process. * * * [In re Anders, No. 98-22461-13, slip op. at 4 (Bankr. Mont. 1998).]

The Bankruptcy Court also stated:

This Debtor has abused the bankruptcy process for his own benefit without accepting any of the burdens imposed by the Bankruptcy Code and Rules except those he deems advantageous. He has burdened the Court, the Trustee, and his creditors with sham objections and adversary proceedings, which waste their resources while he enjoys the protections of the automatic stay and proceeds as he deems fit. Debtor sued the Bankruptcy Court itself simply for purposes of forum shopping. For Debtor's abuse of the bankruptcy process, he shall not be permitted to enjoy its benefits. * * * [Id. at 11.]

On January 15, 1999, this case was scheduled for trial in Helena, Montana, on June 21, 1999.

On March 21, 1999, respondent sent petitioner a letter suggesting a telephone conference be held on April 1, 1999, at 9 a.m. to discuss his rescheduled case. On April 1, 1999, petitioner stated that he had retained Attorney Clifton Caughron (Caughron) and that a power of attorney would be provided.

On April 6, 1999, respondent sent a second letter to petitioner regarding the need to discuss his rescheduled case. Respondent received the power of attorney for Caughron on April 13, 1999.

On April 15, 1999, respondent filed a Motion to Impose Sanctions. On April 19, 1999, the Court issued an order granting respondent's Motion to Impose Sanctions in that petitioner could

not introduce any documents identified in Respondent's Request for Production of Documents or any evidence relating to Respondent's Interrogatories to Petitioner. The Court also ordered petitioner to show cause why his case should not be dismissed for failure to prosecute properly.

By letter dated May 11, 1999, Caughron informed respondent's counsel that he was asked by petitioner to withdraw from the case. Caughron had not entered an appearance but was operating under a power of attorney.

On June 1, 1999, respondent's counsel telephoned petitioner and left a message for him to return the call in order to discuss the case.

On June 4, 1999, petitioner filed a Motion to Withdraw Petition Due to Inadequate Counsel, which was denied on the same day. Also on June 4, 1999, petitioner telephoned respondent's counsel and said that he had a new representative. No power of attorney was provided at that time.

On June 11, 1999, respondent's counsel telephoned petitioner and left a message for him to return the call in order to discuss the case.

On June 14, 1999, respondent received a power of attorney, but it did not relate to the years at issue in the case. On June 15, 1999, petitioner was notified by telephone that the power of attorney submitted on June 14, 1999, was invalid and that it was

necessary to meet with him in order to prepare his case for trial. Petitioner was also advised that he could bring his new representative with him to the meeting to prepare his case for trial.

Also on June 15, 1999, petitioner was advised in writing that respondent might file a motion seeking sanctions under section 6673 because of his failure to meet and discuss the issues of his case, his various tactics of delay, and his failure to comply with the Court's orders regarding Respondent's Request for Production of Documents and Respondent's Interrogatories to Petitioner.

On June 16, 1999, petitioner's new representative, Gene Bridges (Bridges), of Associated Tax Consultants, sent respondent a letter by facsimile in which petitioner claimed to be a nonresident alien. This letter was submitted in lieu of attending a scheduled conference on June 18, 1999.

## Discussion

The Tax Court is authorized under section 6673(a)(1) to require a taxpayer to pay to the United States a penalty not in excess of $25,000 when it appears to the Court that the proceedings have been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in the proceedings is frivolous or groundless. See sec. 6673(a)(1)(A) and (B). A position maintained by the taxpayer is "frivolous"

where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Horn v. Commissioner, 90 T.C. 908, 946 (1988).

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income tax or the additions to tax determined by respondent.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Petitioner's outrageous tactics of delay, including his egregious abuse of the bankruptcy process, resulted in the waste of limited judicial and administrative resources. Moreover, taxpayers with genuine controversies were delayed.

Furthermore, petitioner's position, based on stale and meritless contentions, is manifestly frivolous and groundless. Claiming status as a nonresident alien in order to avoid Federal income tax is a hackneyed argument that has been universally rejected by this and other courts. See, e.g., Kerr v. Commissioner, T.C. Memo. 1994-582, affd. without published opinion 73 F.3d 369 (9th Cir. 1995); see also Haskins v. Commissioner, T.C. Memo. 1999-106; Harkless v. Commissioner, T.C. Memo. 1999-58; McQuatters v. Commissioner, T.C. Memo. 1998-88; Peterson v. Commissioner, T.C. Memo. 1997-463; Heun v. Commissioner, T.C. Memo. 1997-265; Mancebo v. Commissioner, T.C.

Memo. 1997-46; Swaim v. Commissioner, T.C. Memo. 1996-545; Schmidt v. Commissioner, T.C. Memo. 1996-309; Wesselman v. Commissioner, T.C. Memo. 1996-85; Fox v. Commissioner, T.C. Memo. 1996-79; Nagy v. Commissioner, T.C. Memo. 1996-24; Friesen v. Commissioner, T.C. Memo. 1996-2; Erwin v. Commissioner, T.C. Memo. 1995-498; Reese v. Commissioner, T.C. Memo. 1995-244; McGanty v. Commissioner, T.C. Memo. 1995-178; Hacker v. Commissioner, T.C. Memo. 1994-488.

In light of the foregoing, we will exercise our discretion under section 6673 and require petitioner to pay a penalty to the United States in the amount of $25,000.

To reflect the foregoing,

An appropriate order and order of dismissal and decision will be entered.