T.C. Memo. 2001-139


UNITED STATES TAX COURT


HAROLD WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 392-01.                    Filed June 14, 2001.


Harold Wilson, pro se.

<u>Henry N. Carriger</u>, <u>Delilah Seroussi Schroeder</u>, and <u>Peter Reilly</u>, for respondent.


MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before the Court on respondent's Motion to Dismiss for Failure to State

a Claim Upon Which Relief Can be Granted.  As explained in detail below, we shall grant respondent's motion.[1]

Background

Petitioner has been incarcerated in the Nebraska State prison system since 1986.  During the taxable year 1999, petitioner was employed by TEK Industries (TEK) as a diemaker and was paid a minimum wage of $5.50 per hour.  The State of Nebraska charged petitioner a maintenance fee of $1.50 for each hour that he worked.  In addition, 5 percent of petitioner's pay was remitted to the Nebraska Victim's Compensation Fund.

Petitioner filed a Federal income tax return for 1999 on which he reported wage income of $2,699 and zero tax due. Petitioner reported that he was eligible for an earned income credit of $335, and he claimed an overpayment in that amount.

A refund check in the amount of $335 was issued to petitioner.  However, State prison officials, in cooperation with the Internal Revenue Service (IRS), intercepted the check and returned it to the IRS.  Thereafter, a credit was posted to petitioner's account in the amount of $335, and a freeze was placed on petitioner's account to prevent any further activity.

On October 20, 2000, respondent issued a notice of deficiency to petitioner determining a deficiency in his Federal

---

[1]  Unless otherwise indicated, section references are to sections of the Internal Revenue Code, as amended.  Rule references are to the Tax Court Rules of Practice and Procedure.

income tax for 1999 in the amount of $335. Respondent determined that petitioner did not qualify for an earned income credit for 1999 and that petitioner was not entitled to a tax refund.

Petitioner filed a timely petition with the Court challenging respondent's determination. In response to the petition, respondent filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted. Respondent argued that section 32(c)(2)(B)(iv) expressly excludes from the definition of earned income any amounts received for services provided by an individual while the individual is an inmate at a penal institution. Respondent reasoned that, because petitioner had no earned income within the meaning of section 32 during 1999, petitioner failed to state a claim for relief.

This matter was called for hearing at the Court's motions session held in Washington, D.C. Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion. No appearance was made by or on behalf of petitioner at the hearing.

During the hearing, the question was raised whether respondent determined a "deficiency" in this case within the meaning of section 6211. Counsel for respondent argued that the facts in the instant case were tantamount to a "frozen refund" and that the Court had jurisdiction over the petition. In response to petitioner's challenge to the timeliness of

respondent's motion, counsel for respondent noted that the Court's docket records reflected that the petition was served on respondent on January 16, 2001. In addition, counsel for respondent provided the Court with a certified mail receipt indicating that respondent mailed the motion to dismiss to the Court on March 2, 2001--45 days after service of the petition.

Following the hearing, petitioner filed a memorandum in opposition to respondent's motion to dismiss. Petitioner argued: (1) Respondent's motion to dismiss was not timely filed;[2] and (2) section 32(c)(2)(B)(iv) was not intended to exclude from the definition of earned income amounts received by prison inmates for services provided to private companies as opposed to services provided to a penal institution.

Respondent filed a memorandum in support of his motion to dismiss. Respondent argued that the Court had jurisdiction over the petition inasmuch as the denial of a claimed earned income credit is treated as a deficiency pursuant to section 6211(b)(4). Respondent repeated the argument that petitioner's earnings are

[2] Shortly after respondent's motion to dismiss was filed, petitioner submitted to the Court a Motion to Quash Respondent's Motion To Dismiss arguing that respondent's motion to dismiss was not timely filed. Petitioner's motion to quash was returned to petitioner unfiled with an explanation that the Court had granted leave to file respondent's motion to dismiss. Petitioner responded by sending a second letter to the Court questioning whether it was appropriate for the Court to grant leave to file respondent's motion to dismiss.

excluded from the computation of earned income.  Petitioner filed a supplemental memorandum repeating his prior arguments.

Discussion

    1.  Jurisdiction

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  See Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  See  Rule 13(a) and (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

The initial question in this case is whether respondent determined a deficiency in petitioner's Federal income tax within the meaning of section 6211.  The term "deficiency" is generally defined in section 6211(a) as the amount by which the tax imposed by subtitle A or B or chapter 41, 42, 43, or 44 of the Internal Revenue Code exceeds the excess of the sum of the amount shown as the tax by the taxpayer upon his return plus the amounts previously assessed (or collected without assessment) as a deficiency, over the amount of rebates made.  The deficiency that respondent determined in this case, based upon the disallowance of an earned income credit under section 32, does not fit neatly within the confines of this definition.

However, the definition of a deficiency in section 6211(a) is augmented by section 6211(b)(4) which provides in pertinent part:

> SEC. 6211(b). Rules for application of subsection (a).--For purposes of this section--
>
> *        *        *        *        *        *        *
>
>    (4) For purposes of subsection (a)--
>
>       (A) any excess of the sum of the credits allowable under sections 32 and 34 over the tax imposed by subtitle A (determined without regard to such credits), and
>
>       (B) any excess of the sum of such credits as shown by the taxpayer on his return over the amount shown as the tax by the taxpayer on such return (determined without regard to such credits),
>
>    shall be taken into account as negative amounts of tax.

Section 6211(b)(4) was enacted under the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 1015(r), 102 Stat. 3572. The legislative history of section 6211(b)(4) reveals that the provision was enacted to expand the definition of a deficiency to permit taxpayers to contest the disallowance of the earned income credit in the Tax Court. In this regard, H. Rept. 100-795, at 366 (1988), and S. Rept. 100-445, at 387 (1988), state:

> 18. Certain refundable credits to be assessed under deficiency procedures (sec. 115(r) of the bill and sec. 6211 of the Code)

Present Law

Under present law, the deficiency procedures allowing taxpayers to litigate issues in the Tax Court relating to the earned income credit (sec. 32) and the credit for the certain payments of the gasoline and special fuels tax (sec. 34) may not apply.

Explanation of Provision

The bill provides that the Tax Court deficiency procedures apply to the credits allowable under sections 32 and 34, notwithstanding that the credits reduce the net tax to less than zero.

The provision applies to notices of deficiencies mailed after the date of enactment of this bill.

There is no mention of the amendment in H. Conf. Rept. 100-1104 (1988), 1988-3 C.B. 473.

Consistent with the plain language of section 6211(b)(4), it follows that, where petitioner reported a tax liability of zero and claimed an overpayment based upon an earned income credit of $335, the latter amount is treated as a negative amount of tax. In this regard, respondent's determination that petitioner's correct tax liability is zero and that petitioner is not entitled to an earned income credit constitutes the determination of a deficiency within the meaning of section 6211. The fact that the refund of $335 was intercepted by prison officials in cooperation with the IRS does not change this result. The fact of payment of the credit amount is not taken into account under section 6211(b)(4). Under the circumstances, we conclude that the Court

has jurisdiction over the petition filed herein. See <u>Blore v. Commissioner</u>, T.C. Memo. 2000-326.

    2.  <u>Timeliness of Respondent's Motion To Dismiss</u>

The record in this case demonstrates that respondent's motion to dismiss was timely filed. In particular, the Court's records indicate that the petition was served on respondent on January 16, 2001. See Rule 21(a). Consequently, respondent had 45 days from that date to file his motion to dismiss. See Rule 36(a). We are satisfied that respondent timely mailed his motion to dismiss to the Court on March 2, 2001--exactly 45 days after January 16, 2001. See Rule 25(a). Because respondent's motion to dismiss was timely mailed (and thus timely filed), the Court will direct the Clerk of the Court to return to petitioner unfiled petitioner's letter (with attachments) dated March 26, 2001.

    3.  <u>Respondent's Motion To Dismiss</u>

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. See <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Price v. Moody</u>, 677 F.2d 676, 677 (8th Cir. 1982). Respondent contends that, even assuming the facts

alleged in the petition are true, petitioner has failed to state a claim upon which he is entitled to relief.

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any deduction or credit claimed on their returns. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 32 provides a refundable tax credit for certain eligible taxpayers. Section 32(c)(2)(A) defines the term "earned income" broadly to include wages, salaries, tips, other employee compensation, and the taxpayer's earnings from self-employment. However, section 32(c)(2)(B) excludes certain items from the definition of earned income. The dispute in this case centers on section 32(c)(2)(B)(iv), which provides in pertinent part:

> SEC. 32(c). Definitions and special rules.--For purposes of this section--
>
> (2) Earned income.
>
> \*       \*       \*       \*       \*       \*       \*
>
> (B) For purposes of subparagraph (A)--
>
> \*       \*       \*       \*       \*       \*       \*

> (iv) no amount received for services provided by an individual while the individual is an inmate at a penal institution shall be taken into account,
> * * *

Respondent contends that section 32(c)(2)(B)(iv) precludes petitioner from qualifying for the earned income credit insofar as all of the wages that petitioner earned during 1999 constitute amounts that petitioner received for services that he provided to TEK while he was an inmate at a penal institution.  Petitioner counters that respondent's construction of section 32(c)(2)(B)(iv) is incorrect on the ground that a prisoner's earnings for services provided to a private business are not excluded from the computation of the earned income credit.

In construing a statute, courts generally seek the plain and literal meaning of its language.  See United States v. Locke, 471 U.S. 84, 93, 95-96 (1985); United States v. American Trucking Associations, Inc., 310 U.S. 534, 543 (1940).  For that purpose, courts generally assume that Congress uses common words in their popular meaning.  See Commissioner v. Groetzinger, 480 U.S. 23, 28 (1987), affg. 771 F.2d 269 (7th Cir. 1985).

Based upon the plain language of section 32(c)(2)(B)(iv), we conclude that the wages that petitioner earned during 1999 are not taken into account in computing the earned income credit.  Petitioner was an inmate at a penal institution throughout the taxable year 1999, and all wages for services provided by inmates

of penal institution are expressly excluded from the computation of the earned income credit under section 32(c)(2)(B)(iv).  See Taylor v. Commissioner, T.C. Memo. 1998-401.

Petitioner's position contradicts the plain language of the statute.  Moreover, we are not persuaded by petitioner's contention that the legislative history of section 32(c)(2)(B)(iv) supports his interpretation of the provision. Section 32(c)(2)(B)(iv) was enacted as an amendment to section 32 under the Uruguay Round Agreements Act, Pub. L. 103-465, sec. 723, 108 Stat. 5003 (1994).  H. Rept. 103-826, at 182 (1994) explains the purpose for section 32(c)(2)(B)(iv) as follows:

> 3.  Income of prisoners disregarded in determining earned income tax credit (sec. 723 of the bill and sec. 32 of the Code)
>
> Reasons for change
>
> The EITC is designed to alleviate poverty and to provide work incentives to low-income individuals. Because of the compulsory nature of much of the work performed by prison inmates, it does not further the objectives of the EITC to include in earned income for EITC calculations any amounts paid for inmates' services.
>
> Explanation of provision
>
> The bill removes from the definition of earned income in section 32(c)(2) any amount received for services provided by an individual while the individual is an inmate at a penal institution.
>
> Effective date
>
> The provision is effective for taxable years beginning after December 31, 1993.

Contrary to petitioner's position, there is nothing in the legislative history that provides a basis for ignoring or abandoning the plain language of section 32(c)(2)(B)(iv). Indeed, the legislative history reiterates that "any amount received for services provided by an individual while the individual is an inmate at a penal institution" is excluded from the definition of earned income.  Id. at 182.

Consistent with the preceding discussion, we hold that petitioner can prove no set of facts in support of a claim which would entitle him to relief.  See Conley v. Gibson, supra at 45-46.  In the absence of a justiciable claim for relief, we shall grant respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted.

To reflect the foregoing,

An order will be issued granting respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, and a decision will be entered for respondent.