148 T.C. No. 15

UNITED STATES TAX COURT

KEVIN DEWITT SKAGGS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15944-16.                              Filed April 26, 2017.

P was convicted of several felony offenses. After being taken into the custody of the Kansas Department of Corrections, P was transferred to a State hospital to receive mental healthcare while incarcerated. He resided in the State hospital throughout 2015. While in the hospital, P earned wages. P claimed the earned income tax credit (EITC) on his 2015 income tax return. Under I.R.C. sec. 32(c)(2)(B)(iv), income earned while an inmate in a penal institution is excluded for the purpose of determining eligibility for the EITC.

<u>Held</u>: P was an inmate during the time he was confined to the State hospital.

<u>Held</u>, <u>further</u>, the State hospital in which P served a portion of his sentence was a penal institution.

Held, further, P's income from 2015 is not taken into account for the purpose of determining eligibility for the EITC.

Kevin Dewitt Skaggs, pro se.

Douglas S. Polsky and Randall L. Eager, Jr., for respondent.


OPINION


BUCH, Judge: This deficiency case comes before the Court as the result of a timely petition filed by Kevin Dewitt Skaggs. The Commissioner has moved for summary judgment on the sole issue in this case: whether Mr. Skaggs is entitled to the earned income tax credit (EITC). The Commissioner argues that Mr. Skaggs was an inmate in a penal institution for all of 2015 and as a result any income from that period is excluded for the purpose of determining eligibility for the EITC. Mr. Skaggs argues that he was a patient rather than an inmate and that the facility in which he resided was a hospital rather than a penal institution. The Commissioner contends that there is no genuine dispute of material fact and that he should prevail as a matter of law. We agree and find in favor of the Commissioner.

## Background

In 2008 Mr. Skaggs was sentenced to 310 months in prison after being convicted of several felony offenses. He was taken into the custody of the Kansas Department of Corrections soon after and remains in its custody to this day. His earliest release date is May 30, 2029.

From mid-2012 to mid-2016 Mr. Skaggs resided in the Larned State Hospital. His initial transfer was recorded in the Kansas Department of Corrections Physical Location History as an "Inter-Facility Movement" from the Larned Correctional Mental Health Facility to the Larned State Hospital. The Larned State Hospital is the home of the State security hospital, which was established to treat mentally ill inmates and those committed by the State and to hold them in custody. Kan. Stat. Ann. sec. 76-1305 (Supp. 2015). During 2015 Mr. Skaggs earned income from working part time, performing custodial duties for the hospital.

Mr. Skaggs filed a tax return for 2015 reporting $2,921 in income, including $62 in taxes withheld by his employer. Mr. Skaggs also claimed an EITC of $224 on his 2015 return, for a total refund of $286. On June 8, 2016, the Commissioner sent Mr. Skaggs a notice of deficiency denying his claimed EITC and determining that his income for 2015 is not counted for the purpose of the EITC because he

was an inmate for all of 2015. The Commissioner determined a $224 deficiency and withheld Mr. Skaggs' refund.

While residing in Kansas, Mr. Skaggs filed a timely petition to challenge the Commissioner's determination. He argues that he was a patient and not an inmate during the 2015 tax year and is entitled to the EITC. In his petition Mr. Skaggs asserts that during his time at the Larned State Hospital, he ceased to be an inmate and that the hospital was not a penal institution. Mr. Skaggs makes two claims in support of his position that he was not an inmate during 2015. First, he argues that he was not treated like an inmate, and second he argues that his wages were not treated like the wages of an inmate in the custody of the Kansas Department of Corrections. Mr. Skaggs asserts that he was subject to fewer restrictions than an inmate. According to Mr. Skaggs, he was able to wear his own clothes rather than those issued by an institution and he had a greater opportunity to communicate with the outside world than inmates in the custody of the Kansas Department of Corrections. Mr. Skaggs also contends that his wages were not subject to the restrictions and mandatory deductions of the earnings of inmates in Kansas correctional facilities. He argues that these differences in his treatment are evidence that he was not an inmate.

The Commissioner filed a motion for summary judgment under Rule 121.[1] Mr. Skaggs filed a response.

Discussion

In considering a motion for summary judgment under Rule 121 the Court must view all facts in the light most favorable to the nonmoving party. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). The motion can be granted only if there are no genuine disputes of material fact and if the moving party is entitled to a judgment in its favor as a matter of law. Rule 121(b).

Section 32 governs the EITC. Under section 32(c)(2)(B)(iv), income earned while an inmate in a penal institution is not included in income for the purpose of the EITC.

Neither the statute nor the regulations define the term "inmate" or "penal institution" for the purpose of the EITC. Moreover, no other section of the Internal Revenue Code offers a definition of the term "inmate" or "penal institution". When defining a term used in a statute, we must, whenever possible, use the "ordinary, everyday" meaning of that term. Crane v. Commissioner, 331

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.

U.S. 1, 6 (1947). Black's Law Dictionary 858 (9th ed. 2009) defines an inmate as a "person confined in a prison, hospital or similar institution." This definition is similar to that in Merriam-Webster's Collegiate Dictionary 602 (10th ed. 1996), which defines an inmate as "a person confined (as in a prison or hospital)". Notably, both sources specifically include those confined to hospitals in the definition of inmate.

Dictionary definitions for the term "penal institution" are also instructive. In its definition for the term "penal institution", Black's Law Dictionary 1247 directs readers to the term "prison". The term "prison" is defined as "[a] state or federal facility of confinement for convicted criminals--esp. felons." Id. at 1314. Merriam-Webster's Collegiate Dictionary does not include a definition of "penal institution" but defines a prison as "a place of confinement esp. for lawbreakers". Merriam-Webster's Collegiate Dictionary 927 (10th ed. 1996).

During 2015 Mr. Skaggs was confined to the Larned State Hospital. He asserts that while confined there he was no longer an inmate for the purpose of the EITC. But his records within the Kansas Criminal Justice Information System show his transfer to the Larned State Hospital as an "Inter-Facility Movement" rather than a release.

Additionally, Mr. Skaggs asserts that because he was not subject to some of the same restrictions as inmates in Kansas correctional facilities he was not an inmate. This contention, however, gives little insight into his status as an inmate. Inmates are frequently treated differently according to any number of factors.

Mr. Skaggs also argues that the Larned State Hospital is not a penal institution. His chief evidence for this contention is that the Larned State Hospital and the State security hospital are not included in the list of "Correctional Institution[s]" in Kan. Stat. Ann. sec. 75-5202.

The statutes that govern the State security hospital demonstrate that it is, in fact, a penal institution. The Larned State Hospital is the home of the State security hospital. Id. sec. 76-1305. The State security hospital was established with "the purpose of holding in custody, examining, treating and caring for such mentally ill persons as may be committed or ordered to the state security hospital by courts of criminal jurisdiction or inmates with mental illness who are transferred for care or treatment to the state security hospital from a correctional institution". Id. A patient or inmate can be transferred to the State security hospital if it is determined that the patient is suffering from mental illness and is either a risk to other patients or a security risk generally or has been "charged or convicted of felony crimes and therefore is unable to receive proper care or

treatment in a facility other than the state security hospital." Id. sec. 76-1306.

Patients admitted directly to the State security hospital are kept in quarters

separate from those of inmates transferred from penal institutions. Id. An

inmate's sentence is not tolled during his or her time in the State security hospital,

and inmates can be treated at the State security hospital only during their sentence.

Id. sec. 75-5209 (1997). Finally, an inmate can be released from the State security

hospital only once his or her sentence is over. Id. If an inmate is no longer in

need of treatment and has not completed his or her sentence, that inmate must be

returned to the custody of the secretary of the Department of Corrections. Id.

The State security hospital serves two purposes: It is a mental healthcare

facility, and it is a facility that holds inmates in need of treatment. In holding

those inmates, it continues to deprive them of their liberty as punishment for their

crimes. The State security hospital steps into the shoes of the prison while

providing treatment. When the inmate is no longer in need of treatment, he or she

is transported back to the prison. Inmates receive credit for time served while in

the State security hospital as well as necessary mental healthcare that cannot be

provided anywhere else in the Kansas correctional system. Although the State

security hospital is not included in the list of correctional institutions, it is a penal

institution because inmates are still undergoing punishment for a crime while they receive treatment.

Finally, Mr. Skaggs contends that he was not a participant in a prison work program. This is irrelevant for the purpose of determining whether the resulting income was includable for the purpose of determining eligibility for the EITC. We have previously held that the source of the income, including whether the employer was a government entity or private company and the location of performance of services for which the income was paid, is irrelevant for the purpose of determining eligibility for the EITC. Rogers v. Commissioner, T.C. Memo. 2004-245, 88 T.C.M. (CCH) 393, 394 (2004); Wilson v. Commissioner, T.C. Memo. 2001-139, 81 T.C.M. (CCH) 1745, 1748 (2001).

For the foregoing reasons the Commissioner's motion for summary judgment will be granted.

An appropriate order and decision will be entered.